# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GORDON W. DIGGLE, III, | ) | Case No. 3:13 CV 442 |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| ED SHELDON, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter comes before the Court on Petitioner Gordon W. Diggle, III's, objections to the Magistrate Judge's Report and Recommendation. (Doc. #10.) for the following reasons, Petitioner's objections are DENIED. This Court finds that Petitioner's objections are without merit and therefore ADOPTS the Magistrate Judge's Report and Recommendation in its entirety. (Doc. #9.)

## I.  FACTUAL AND PROCEDURAL HISTORY

The Report adequately states the factual background and procedural history of this matter. Petitioner has demonstrated no error in that background and history. For these reasons this Court will not restate the relevant portions of the Report here and will instead accept the factual and procedural history reflected in the Report as written.

## II.  STANDARD OF REVIEW

As detailed in the Report and Recommendation, motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA prescribes a narrow *habeas corpus* remedy only

where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). The extent to which even statements by the Supreme Court, as well as Circuit Court decisions applying Supreme Court precedent, may be excluded from the intentionally narrow category of applicable law under AEDPA is correctly elucidated in the Report and Recommendation, on pages 9-11. (Doc. #9.)

This Court nevertheless notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added). As the Supreme Court has reiterated:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree [. . .] It goes no farther. [. . .] habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (Citations omitted).

Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings

2

or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).  This Court's review is predicated, however, on a proper objection.  Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.")  It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."  Fed. R. Civ. Pro. 72 (b)(3).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F.Supp2d 743, 747 (E.D.Mich.2004).

### III.  LAW AND ANALYSIS

    A.  *Michigan v. Bryant*, 562 U.S. 344, 131 S.Ct. 1354 (2004) and testimonial statements.

Petitioner objects to the Magistrate's conclusion that the State court acted reasonably when finding that statements made by the deceased victim to police officers, first responders, and medical personal were nontestimonial and therefore admissible.  To support this conclusion, Petitioner advocates an unreasonably narrow and contradictory interpretation of the Supreme Court's decision in *Michigan v. Bryant*, 562 U.S. 244, 131 S.Ct. 1143 (2011).  Petitioner confuses the significance of an "ongoing emergency" as a single element of a multipartite analysis.  The *Bryant* Court explains:

> Our discussion of the Michigan Supreme Court's misunderstanding of what *Davis* meant by 'ongoing emergency' should not be taken to imply that the existence *vel non* of an ongoing emergency is dispositive of the testimonial inquiry.  As *Davis* made clear, whether an ongoing emergency exists is simply one factor—albiet an important factor—that informs the ultimate inquiry regarding the 'primary purpose' of an interrogation.

3

*Bryant*, 366. Petitioner's arguments echo the misunderstanding the *Bryant* Court cautioned against when it emphasized that evaluations take into objective account the circumstances (formal or informal); the medical condition of the victim (nature of the harm, degree of debilitation); the information know at the time of the questions; and the nature of the questions and responses; among other elements that comprise the full context of the challenged statement. *Bryant,* 356—369.

The *Bryant* Court specifically noted the scope for misunderstanding that occurs when courts or litigants attempt to derive specific requirements from general principles – the Michigan court in *Bryant* concluded that the medical condition of the victim was irrelevant, apparently because *Davis v. Washington* and *Hammon v. Indiana*, 547 U.S. 813, 126 S.Ct. 2266 (2006), did not present medical emergencies, which in turn meant that the Supreme Court did not consider, at that time, the "relevance of a victim's severe injuries to the primary purpose inquiry." *Bryant*, 364. Petitioner's insistence on the presence of a gun as necessary to the ongoing emergency analysis mistakes the breadth of the "highly context-dependent inquiry" in a similar manner to the Michigan court's erroneous insistence on an inquiry into an emergency only as it related to a single victim. The Michigan court's mistake, like Petitioner's, is driven by a failure to consider the difference between the crimes concerned in a specific inquiry and the elements of the inquiry itself. In *Bryant* the Supreme Court explained that the nature of domestic violence cases which "often have a narrower zone of potential victims" and the specific facts of the *Davis* and *Hammon* cases led the Michigan court to apply a narrower contextual analysis than the Supreme Court intended. *Bryant* explicitly expanded the *Davis* analysis to include the medical condition of the victim, while clarifying the relationship between "ongoing emergencies," formality, medical conditions, and "primary purpose," and reserving the possibility that "*other*

4

circumstances, aside from ongoing emergencies" may also establish a non-testimonial primary purpose. *Bryant*, 358. The *Bryant* Court specifically noted:

> *Davis* explained that 911 operators 'may at least be agents of law enforcement when they conduct interrogations of 911 callers,' and therefore 'consider[ed] their acts to be acts of the police' for purposes of the opinion. *Davis* explicitly reserved the question of 'whether and when statements made to someone other than law enforcement personnel are 'testimonial.' We have no need to decide that question in this case either because Convington's statements were made to police officers.

*Bryant*, 358, ftn.3, internal citations omitted. Thus it is clear, under *Bryant*, that an objective, contextual review is required, and that the Supreme Court offers no clearly established determination of the testimonial significance of statements made to non-law enforcement officers.

Petitioner is clearly aware that the primary purpose determination requires the reviewer to "objectively evaluate the circumstances in which the encounter occurs and the statements and actions of the parties." (Doc. # 10, p. 3, citing *Bryant, supra*, at 1156, *quoting Davis v. Washington*, 547 U.S. 813, 822 (2006).) Petitioner emphasizes:

> the relevant inquiry is not the subjective or actual purpose of the individuals involved in a particular encounter, but rather the purpose that reasonable participants would have had, as ascertained from the individuals' statements and actions and the circumstances in which the encounter occurred.

(Doc. #10, p. 3, citing *Bryant, supra*, at 1156. Thus, it is nonsensical to conclude, as Petitioner evidently has, that the responding officer must testify that he believes others to be in danger before a court could determine that circumstances were sufficient to find an ongoing emergency. (Doc. # 5.) Similarly, the requirements Petitioner urges – that a gun be involved, and that statements to non law enforcement officers be considered testimonial – are not reflective of the Supreme Court's decision in *Bryant* or indeed any other source of clearly established Federal law.

Petitioner's arguments under *Bryant* are not well taken. As the Magistrate made clear in the Report and Recommendation, through his own analysis as well as extensive quotations from the record reflecting the same evaluation conducted by the Ohio Sixth District Court of Appeals, this record reflects informal questioning of the decedent victim by first responders, including police officers and firefighter/paramedics who sought primarily to understand the nature and scope of the victim's injuries, whether there was an ongoing incident, and how many individuals were involved and may need treatment. (Doc. # 9 1-4; 11—23.) The Magistrate correctly concluded that the application of *Bryant* to these facts in the courts below was reasonable. Moreover, as the Magistrate and the Sixth District Court made clear, even if statements made to Office Turpin were arguably testimonial, nothing in those statements added to the information the jury had already heard from the multitude of non law enforcement witnesses who testified to multiple, consistent, non-testimonial, statements made by the decedent. *See, eg* Doc. #9 at 23. Petitioner's objection to the Magistrate's Report and Recommendation mistakes applicable law and does not to identify a factual or legal defect in the Report, accordingly the objection is OVERRULLED.

### B. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984) and reasonable probability.

Petitioner offers no meaningful analysis in support of his objection to the Magistrate's determination that perceived deficiencies in the trial attorney's performance did not demonstrate a reasonable probability that the outcome would have been different absent any alleged mistake. Instead, Petitioner "incorporates the arguments made with respect to this Ground for Relief from his Transverse herein." (Doc. # 10, p. 7.) As such Petitioner has done "nothing more than [. . .] simply [summarize] what has been presented before" this is "not an 'objection' as that term is

6

used in this context." *Aldrich*, *supra* at 747. Such objections deviate from the intended purpose of a Federal habeas review, which is to "enable the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute" and instead "force the district court to review every issue in the case, no matter how thorough the magistrate's analysis" resulting in duplicative and "inefficient use of judicial resources." *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 471 (1985). Accordingly, in the absence of an objection to the Report and Recommendation within the scope of Fed. R. Civ. Pro. 72 (b)(3), this Court will not perform an unnecessary, duplicative, review of the Report as it addresses Petitioner's claims of ineffective assistance of counsel.

**IV.     Conclusion**

For the reasons set forth herein, this Court finds Petitioner's Objections to be without merit. Petitioner's Objections are therefore OVERRULED. The Court has reviewed the Report and Recommendation and, having found it legally and factually accurate, hereby ADOPTS the Report and Recommendation in its entirety. The Petition for Writ of Habeas Corpus is DISMISSED.

This Court certifies, pursuant to 28 U.S.C. § 1915 (A)(3), that an appeal of this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: March 29, 2016

7